UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LYUBOV YEFIMOVA,

                              Plaintiff,

                                                        1:17-CV-00403
v.
                                                        (TJM/TWD)
BANK TRUSTCO

                              Defendant.
_____

APPEARANCES:

LYUBOV YEFIMOVA
Plaintiff pro se
101 S. Pearl Street, Apt. E1L
Albany, New York 12207

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

        The Clerk has sent to the Court for initial review Plaintiff's complaint in this civil action

brought by Plaintiff Lyubov Yefimova against Defendant Bank Trustco.  (Dkt. No. 1.)  Also

before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP

Application").  (Dkt. No. 2.)

## I.      PLAINTIFF'S IFP APPLICATION

        A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1) (2006).  After reviewing Plaintiffs' IFP

Application, the Court finds that she meets this standard.  Therefore, Plaintiff's IFP Application

(Dkt. No. 2) is granted.

## II.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C.

§ 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the

case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the

complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such

as when the claims are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution

should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse

party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*,

700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not

frivolous before permitting a plaintiff to proceed.  *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua

sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to

state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil
Procedure, which sets forth the general rules of pleading, "does not require detailed factual
allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*.
In determining whether a complaint states a claim upon which relief may be granted, "the court
must accept the material facts alleged in the complaint as true and construe all reasonable
inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert.
denied*, 513 U.S. 836 (1994) (citation omitted).  "[T]he tenet that a court must accept as true all
of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S.
at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to
raise the strongest arguments they suggest.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185,
191 (2d Cir. 2008) (citation omitted).  A *pro se* complaint should not be dismissed "without
giving leave to amend at least once when a liberal reading of the complaint gives any indication
that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.
1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required
where "the problem with [the plaintiff's] causes of action is substantive" such that "better
pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    COMPLAINT

According to Plaintiff, in 2013, when she left the Defendant bank she "heard how the
bank's employees said, on the phone, that they would open my safe, if you were booed

3

although I never did, this is the method of the thief Yelena Vishnevetskaya." (Dkt. No. 1 at 2.) Plaintiff alleges that the next day Vishnevetskaya and her lover Yaroslav Biklimishev went to the bank, and a bank employee "in her voice a young Spaniard, I know in her face" opened a safe for them. *Id*. Vishnevetskaya and Biklimishev took all the contents of the safe and left without waiting for the police. *Id*. Biklimishev took an envelope with $2,000, and Vishnevetskaya took a metal box with $26,000. *Id*.

Plaintiff alleges that Davedzon Radio[1] learned about it and had its lawyer take Vishnevetskaya to the bank to return a jar with $18,000 of the $26,000 taken. *Id*. Plaintiff further alleges that she previously sued the bank, but only about the envelope, and that the lawyer for the bank behaved in a boorish manner. *Id*. The bank "bailed" her, and she was also called a thief. *Id.* Plaintiff brought photographs of Biklimishev and Vishnevetskaya, and the bank manager, who behaved in a boorish manner, "caused a secrut," and Plaintiff was taken out of the bank. *Id*. As she was being taken out of the bank, Plaintiff heard the manager show the pictures to the Spanish employee and the employee knew them. The manager taught the employee not to admit that she opened the "sef." *Id*. Plaintiff asked the manager to show her the video but he refused. *Id*.

According to Plaintiff, while thanks to a lawyer for Davidzon Radio, Vishnevetskaya was forced to return the money,

> The bank did not have the right to open my safe and to transfer the contents of my safe to this thief, which on all my ships on the city has already received more than 22 billion dollars, and I have

---

[1] Davidzon Radio, which Plaintiff has spelled as "Davedzon," "Devison," and "Devidzon" in various lawsuits commenced by her over the years, is a Russian language radio station broadcasting at 620 AM. *See* www.davidzonradio.com (last visited on May 1, 2017).

not received a single cent.

America finances this prostitute, Yelena Vishnevetskaya, who
has over 150 prostitution points, which pays nothing to them and
later lets everyone on the plan, on the bodies, a gang of criminals
and terrorists for them on September 11, 2001 works for her.  So
think about who helped your bank.  She also attacked me many
times, and scoffed, but the medical office brought me back to life.
I demand from the bank payment of 100 thousand dollars.

*Id*. at 3.

## IV.    ANALYSIS

Plaintiff's complaint appears to be based upon a fanciful factual scenario involving the

Defendant Bank's allegedly wrongful involvement in allowing the individuals Vishnevetskaya

and Biklimishev to take Plaintiff's money from the bank.  (*See generally* Dkt. No. 1.)   The

complaint suggests that Plaintiff previously sought redress against the bank regarding the

envelope of money in another court.  *Id*. at 2.

### A.    Plaintiff's Southern District of New York Lawsuits

In an attempt to make sense of the allegations in the complaint in this action, the Court

has reviewed the complaints in prior lawsuits Plaintiff commenced against Vishnevetskaya and

Biklimishev in the Southern District of New York.[2]  In *Yefimova v. Devizon Radio*, No. 1:11-cv-

09455-LAP (S.D.N.Y.) ("Action No. 1"), which was dismissed on initial review under 28 U.S.C.

§ 1915(e), Plaintiff alleged that Biklimishev, among other things, shot at her, beat her on

numerous occasions, poisoned her, received three million dollar from her and the estate of her

---

[2]  On September 4, 2012, the Southern District of New York issued a ban order under 28
U.S.C. § 1651 barring Plaintiff from filing future actions IFP in the Court without first obtaining
leave of court to file.  *See Yefimova v. Tylo*, No. 1:12-cv-04802 - LAP (S.D.N.Y.), Dkt. No. 7.
The bar order was still in effect as recently as December 2, 2016.  *See Yefimova v. FBI*, No. 1:16-
cv-09316 (CM) (S.D.N.Y.), Dkt. No. 4.

deceased husband, appropriated her house, and engaged in propaganda against her. Vishnevetskaya was alleged to have brought a poisonous snake by which Plaintiff was bitten. (No. 1:11-cv-09455, Dkt. Nos. 2 and 4.)  Significantly, Plaintiff alleged in her complaint that "Yaroslav [B]iklimishev stole my money from the safe in bank two times.  An example bank HSBC.  Using the insurance company of bank, which disconnected a video in bank."  (No. 1:11-cv-09455, Dkt. No. 2 at ¶ 33.)

In *Yefimova v. Devidzon Radio*, No. 1:12-cv-02999-LAP (S.D.N.Y.) ("Action No. 2"), Dkt. 2, Plaintiff asserted many of the same allegations against Vishnevetskaya and Biklimishev as in Action No. 1, including the allegation regarding Biklimishev stealing money from the safe in the bank on two occasions. *Id*. at ¶ 27.  Action No. 2 was dismissed upon initial review of the amended complaint.  (Action 2, Dkt. Nos. 6 and 7.)  In *Yefimova v.Vishnevetsky*, No. 1:13-cv-08344-LAP (S.D.N.Y.) ("Action No. 3"), Plaintiff alleged that Vishnevetskaya and Biklimishev stole her money and engaged in violence against her, including breaking her leg, piercing her with skewers, and drilling her head, leaving a part of the drill bit in her head.  (Action 3, Dkt. No. 2 at 3.)  Action No. 3 was dismissed under the Southern District ban order, along with four other lawsuits that had been commenced by Plaintiff.  (Action No. 3, Dkt. No. 3.)

### B.    Subject Matter Jurisdiction

The subject matter of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a "federal question" is presented under § 1331 or when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 under § 1332.  A federal court has an independent obligation to determine whether subject matter exists, even in

the absence of a challenge to jurisdiction by a party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The allegations in Plaintiff's complaint do not suggest a basis for federal question jurisdiction under § 1331. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in Plaintiff's complaint do not cite any federal authority as the basis for her claims, and the federal nature of Plaintiff's claims is not otherwise apparent, nor can it be inferred from the allegations in the complaint.

The complaint also fails to allege a basis for diversity jurisdiction. To establish jurisdiction under § 1332, diversity must be complete. *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [is required] between all plaintiffs and all defendants.") Plaintiff must, therefore, allege that she and the Defendant are citizens of different states. She has not done so, nor could she inasmuch as Plaintiff resides in Albany, New York, and Trustco is a New York corporation with its principal executive offices in New York.[3] Moreover, Plaintiff has alleged in her complaint that a total of $28,000 was taken from the safe at the Defendant bank, and that a significant portion was returned. Therefore, despite Plaintiff's factually unsupported demand for $100,000 in damages (Dkt. No. 1 at 3), she has not alleged the requisite

---

[3] The Court takes judicial notice that Trustco Bank Corp NY is incorporated in the State of New York and has its principal executive office at 5 Sarnowski Drive, Glenville, New York. *See* https://appext20.dos.ny/corp_public/CORPSEARCH.ENTITY_INFORMATION?p _token DCF50F69F701E4F1E8130 (last visited May 1, 2017)

amount in controversy for diversity jurisdiction.

Based upon the foregoing, the Court finds that there is no federal jurisdiction over Plaintiff's claims and recommends that complaint be dismissed with prejudice for lack of subject matter jurisdiction.

### C.     Frivolous Nature of Plaintiff's Complaint

Even if there were subject matter over Plaintiff's claims, the Court would recommend dismissal with prejudice on initial review. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (court may dismiss a "factually frivolous" claim when the factual allegations are "clearly baseless," including claims "describing fantastic or delusional scenarios"). The Court's conclusion that Plaintiff's complaint is based on a factually fanciful scenario, bolstered by the allegations regarding Vishnevetskaya and Biklimishev in Action Nos. 1, 2, and 3, warrants dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) on the grounds that it is frivolous, and allowing leave to amend would be futile.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** on initial review under 28 U.S.C. § 1915(e)(2)(B) on the grounds that the district court is without subject matter jurisdiction over Plaintiff's claims, and the complaint is in any event frivolous.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72.


Dated:   May 1, 2017
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).