**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**LYUBOV YEFIMOVA,**

        **Plaintiff,**

   v.                                       **1:17-CV-00403**
                                                 **(TJM/TWD)**

**BANK TRUSTCO,**

        **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

**I.  INTRODUCTION**

This *pro se* action was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for initial review. In her May 1, 2017 Order and Report-Recommendation, Magistrate Judge Dancks recommends that the complaint (dkt. # 1) be dismissed with prejudice "under 28 U.S.C. § 1915(e)(2)(B) on the grounds that the district court is without subject matter jurisdiction over Plaintiff's claims, and the complaint is in any event frivolous." Ord. & Rep.-Rec., p. 8, dkt. # 4. Plaintiff has filed objections to the Order and Report-Recommendation. *See* Obj., dkt. # 5.

**II.  STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28

1

U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); *see Frankel v. N.Y.C.*, 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

The Court has reviewed Plaintiff's rambling, disjointed, and bizarre objections,[1] and conducted a *de novo* review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). After doing so, the Court agrees with Magistrate Judge Dancks's conclusion that the Court is without subject matter jurisdiction over Plaintiff's claims and the complaint is frivolous.

---

[1] Plaintiff asserts, *inter alia*, that the individual who allegedly stole her funds from a safe at the defendant bank, Yelena Vishnevetskaya, "managed to replace in the clerk [*sic*] my papers" so Magistrate Judge Dancks "worked with false papers." Obj, p. 2; Vishnevetskaya "has taken not less than 22 billion dollars, from my courts [*sic*], at the same time I haven't received from her any cent." *Id.;* "It is group I killed me [*sic*], 911 I [*sic*] restored me to life." *Id.;* Vishnevetskaya's lover, Yaroslav Biklimishev, "shot at me two times in 2004, and once in 2007. They transplanted at me [*sic*] bodies for sale [*sic*]." *Id.*, pp. 2-3; "Vishnevetskaya shot at the head, previously drilled a drill the [*sic*] head, and then having put the gun [*sic*] - shot at night." *Id.* p., 3; Vishnevetskaya "buys all judges for 20 percent [*sic*] and finances terrorist group of murderers. Behind which [*sic*] and terrorism [*sic*] on September 11, 2001 which I can prove." *Id.*

2

**IV. CONCLUSION**

Accordingly, the Court **ADOPTS** the recommendations in the Order and Report-Recommendation (dkt. # 4) for the reasons stated therein. Thus, it is hereby

**ORDERED** that the complaint (dkt. # 1) is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that the Court is without subject matter jurisdiction over Plaintiff's claims and the complaint is frivolous.

**IT IS SO ORDERED.**

Dated: May 15, 2017

Thomas J. McAvoy
Senior, U.S. District Judge