UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LYUBOV YEFIMOVA,

                              **Plaintiff,**

    vs.                                      1:17-CV-403
                                                   (TMJ/TWD)

BANK TRUSTCO,

                              **Defendant.**
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

      Plaintiff moves for a second time for reconsideration of the Court's Decision and Order, dkt. # 11, adopting the Report-Recommendation of Magistrate Judge Thérèse Wiley Danks, which proposed dismissing the Plaintiff's Complaint for want of subject-matter jurisdiction and as frivolous. See dkt. # 16. Plaintiff's Complaint raised allegations of misconduct and theft on the part of the defendant bank, which Plaintiff alleges turned her money over to thieves. Her present motion for reconsideration repeats those allegations in brief form; Plaintiff appears to allege that two women robbed her account at the Defendant bank and demands $2 million in damages.

      When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff offers no basis for reconsideration of the Court's decision. She simply states additional facts which were available at the time she drew up her complaint. Such arguments do not raise any basis for reconsideration, and Plaintiff's motion, dkt. # 16, will be denied.

Plaintiff has now twice sought reconsideration by the Court without offering any proper grounds. While the Court recognizes that Plaintiff proceeds *pro se* and lacks a full understanding of legal doctrines and procedures, the Court also notes that Plaintiff has also repeatedly made the same assertions to the Court and demanded that the Court accept those assertions despite detailed opinions explaining why the Court has concluded that no relief is available to the Plaintiff. Plaintiff's avenue to challenge these decisions is an appeal that points to errors the Court may have made. Any further motions for reconsideration of the Court's decision would be both frivolous and vexatious and could expose the Plaintiff to sanctions pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent power to control its docket.

**IT IS SO ORDERED.**

Dated: October 17, 2017

Thomas J. McAvoy
Senior, U.S. District Judge